UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KORAL,<br><br>        Plaintiff,<br><br>    v.<br><br>TIGERTRADE SERVICES INC., et al.,<br><br>        Defendants. | Case No. 20-mc-80226-AGT<br><br>**ORDER RE: EXAMINATION OF TIGERTRADE SERVICES INC.**<br><br>Re: Dkt. Nos. 49–51 |

Tanjila Islam recently filed for bankruptcy, but that doesn't mean all further proceedings in this case are stayed. There are two defendants, Islam and Tigertrade Services Inc., and Islam filed for bankruptcy only on behalf of herself. "As a general rule, the automatic stay of section 362(a) [of the Bankruptcy Code] protects only the debtor, property of the debtor or property of the estate," not "non-debtor parties or their property." *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (simplified). Islam hasn't explained why this rule wouldn't apply here. And finding that it does apply, the Court concludes that proceedings against Tigertrade can continue.[1]

Before Islam filed for bankruptcy, plaintiff Richard Koral had conducted a further judgment debtors' examination. Islam and Tigertrade were the examined parties, as they are liable for a judgment in Koral's favor. The exam stalled when Islam, on behalf of Tigertrade, refused to identify Tigertrade's lenders, investors, customers, and vendors. Tigertrade raised privacy and trade-secret objections, after which Koral asked the Court to intervene.

Tigertrade must answer the disputed questions. A judgment debtors' examination is "intended to leave no stone unturned in the search for assets which might be used to satisfy the judgment." *Jogani v. Jogani*, 141 Cal. App. 4th 158, 172 (2006) (simplified). The scope of the

---

[1] The Court asked Islam to identify exactly how she is affiliated with Tigertrade, *see* Dkt. 52, but she didn't do so. Even assuming, however, that she is the owner and sole shareholder of Tigertrade, her personal bankruptcy hasn't automatically stayed litigation against the company. *See In re Licursi*, 2014 WL 198815, at *4 (Bankr. C.D. Cal. Jan. 17, 2014) (holding that the automatic stay protected individual debtors who filed for bankruptcy but not the corporation they were the sole shareholders of; "the automatic stay is simply not as broad as the Debtors would like to make it").

examination is thus quite broad, and the questions Tigertrade refused to answer fall within it. Tigertrade's lenders, investors, customers, and vendors are all potential sources of recovery for Koral: they may provide Tigertrade with additional funds or may owe Tigertrade money or goods that could be levied or garnished. As a judgment creditor, Koral is entitled to know who these people are. As for Tigertrade's objections, the company hasn't identified any privacy interest that would outweigh Koral's need for the information in question and hasn't attempted to establish that the information is protected as a trade secret. The objections are overruled.

Proceedings against Tigertrade will continue, and the company must sit for a further debtors' examination on or before May 6, 2022. To protect against the misuse of confidential information that may be disclosed during the exam, the parties must stipulate to the entry of a protective order beforehand.[2] Now that Islam is in bankruptcy, further proceedings against her are stayed. If Islam is an officer or director of Tigertrade, she may still represent the company at its future debtors' examinations without violating the automatic stay. *See In re Licursi*, 2014 WL 198815, at \*3 ("[T]he examination of the [bankruptcy debtors] as officers and directors of Spectrum Aluminum is not a violation of the stay.").

**IT IS SO ORDERED.**

Dated: April 14, 2022

ALEX G. TSE
United States Magistrate Judge

---

[2] Model protective orders are available on the Court's website, https://www.cand.uscourts.gov/forms/model-protective-orders/.